UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALBERTO CRUZ REYES,<br><br>　　　　　Defendant. | NO. 2:18-cr-00174-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Alberto Cruz Reyes's *pro se* motion for compassionate release.  Dkt. 410.  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Cruz Reyes is a 55-year-old inmate currently detained at Reeves I and II Correctional Institution, with a projected release date of October 20, 2022.  On February 20, 2019, he pled guilty to one count of Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.  Dkt. 269.  On May 17, 2019, Mr. Cruz Reyes was sentenced by this Court to 60 months of imprisonment, to be followed by four years of supervised release.  Dkt. 338.

ORDER - 1

Mr. Cruz Reyes has now filed a motion for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served and release him immediately to begin his four-year term of supervised release. Dkt. 410.

## II. DISCUSSION

### A. Legal Standard for Compassionate Release

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the BOP Director could file such a motion, that limitation has been revised. As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental

condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise. '" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

Considering the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but it is not binding.

Mr. Cruz Reyes's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

///

### B. Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Cruz Reyes's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). On December 18, 2020, Mr. Cruz Reyes requested compassionate release by way of a letter to the facility administrator at Reeves I and II Correctional Institution. On January 7, 2021, the facility administrator denied his request. Dkt. 410, Ex. 1. Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Cruz Reyes's motion is now properly before the Court.

### C. Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Cruz Reyes's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Cruz Reyes bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Cruz Reyes argues that has been exposed to coronavirus-19 (COVID-19), and in August of 2020, suffered from symptoms associated with the virus, including low-grade fever, sore throat, muscle pain, joint pain, shortness of breath, loss of smell and taste, and frequent headaches. He indicates he received no treatment for his symptoms, that many of his symptoms persist, and that his physical and mental health continue to be affected while he remains incarcerated. Dkt. 410.

Mr. Cruz Reyes further argues that the conditions at his facility preclude him from maintaining the recommendations of the Centers for Disease Control and Prevention (CDC) related to hygiene and social distancing necessary to protect himself, and that these conditions of confinement place him at risk of re-contracting COVID-19 and possibly suffering severe illness or death. Dkt. 410.

Finally, Mr. Cruz Reyes presents an Eighth Amendment challenge, setting forth his contention that the conditions at Reeves I and II constitute cruel and unusual punishment. Dkt. 410.

The government opposes Mr. Cruz Reyes's motion, arguing that he has no serious medical conditions that are recognized by the CDC as placing him at higher risk of severe illness from COVID-19. Dkt. 430. The government cites the presentence report prepared in May 2019, indicating that Mr. Cruz Reyes reported no medical issues and stated that he was not taking any prescription medication at that time. PSR ¶ 49. The government further indicates that Mr. Cruz Reyes's medical records from Reeves I and II evidence that he has had numerous medical examinations during the time of his incarceration, and that he is being treated only for hyperlipidemia, or high cholesterol. Dkt. 432, Ex. A at 6, 10.

The government indicates that there is no evidence in the record supporting Mr. Cruz Reyes's contention that he contracted and recovered from COVID-19, but points out that current studies indicate that if he did in fact already contract the disease, he would likely be protected against future re-infection. Dkt. 430.

As to Mr. Cruz Reyes's claim related to the Eighth Amendment prohibition against cruel and unusual punishment, the government sets forth that such claims cannot be made in the context of a motion brought pursuant to 18 U.S.C. § 3582(c)(1)(A), particularly when Mr. Cruz Reyes's claim is so general as to apply to every inmate currently incarcerated at Reeves I and II. Dkt. 430.

In sum, the government argues Mr. Cruz Reyes is not suffering from any serious medical condition, is not at elevated risk from COVID-19, and that his generalized fears relating to the outbreak of the COVID-19 pandemic do not constitute extraordinary and compelling reasons to immediately release him from custody. Dkt. 430.

The Court agrees with the government's assessment of Mr. Cruz Reyes's petition for relief. There is no documented evidence in his medical records that he contracted the disease, yet there is evidence that he tested negative on the two occasions he was recently

tested. Dkt. 430, Ex. A at 17-18. This leaves the Court with nothing more in the record than Mr. Cruz Reyes's general fear of having previously contracted the disease or his fear of the possibility of contracting it in the future. General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for reduction in his sentence. Nor do such fears warrant a sentence reduction under the Court's independent assessment of the facts and circumstances presented. Mr. Cruz-Reyes presents neither evidence nor argument to suggest that his claimed infirmities relate in any way to his vulnerability or susceptibility to COVID-19.

The strongest evidence presented for consideration of Mr. Cruz Reyes's petition are his medical records. These records do not support his claimed justification to warrant the relief he seeks. These records indicate he has had numerous exams and is being treated for hyperlipidemia, *i.e.*, elevated cholesterol. Dkt. 430, Ex. A at 6, 10. These records further indicate he is being treated with atorvastatin for his elevated cholesterol. Dkt. 430, Ex A at 50-60, 91-95.

Further, Mr. Cruz Reyes has failed to present any evidence that his elevated cholesterol or any of his other conditions demonstrate that he suffers from any of the medical conditions that the CDC has identified as making an adult more likely to become severely ill from COVID-19.

Mr. Cruz-Reyes has also presented a dearth of articles and reports generally referencing the poor conditions at other prison facilities. Notably missing are any specific references to the GEO Group, which operates Reeves I and II where Mr. Cruz Reyes is currently housed. The government has provided evidence that the GEO Group follows the CDC's guidance on the management of COVID19 for correctional and detention facilities. The lack of any targeted evidence of the GEO Group's failure to comply with the CDC's guidance leaves this Court to conclude that Mr. Cruz Reyes's claim must fail for lack of evidence or proof.

Mr. Cruz Reyes's Eighth Amendment claim that the conditions under which he is being housed because of the COVID-19 pandemic are "cruel and abusive" also fails.

The government accurately sets forth the limitation on bringing an Eighth Amendment challenge in that such claims cannot be brought in a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will not recite the case law offered by the government, but rather will merely cite the references as persuasive authority. Dkt. 430, p. 9. For these reasons, the defendant's Eighth Amendment claim fails.

**D. Safety of Others**

The Court next turns to whether Mr. Cruz Reyes presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In exercising its discretion, the Court considers the nature and circumstances of the underlying offense, the weight of evidence against the defendant, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community.

Mr. Cruz Reyes does not address this factor in his motion. Despite this lack of evidence, of specific concern to this Court are the facts that served as the basis for the indictment. Mr. Cruz Reyes was a participant in a multi-kilogram conspiracy to distribute heroin. His specific role included facts that he delivered 3.5 kilograms of heroin on May 22, 2018, and one month later he was transporting 1.86 kilograms of heroin, along with the discovery of $24,480 in cash. In addition, when his residence was searched, agents located in the master bedroom a .357 magnum revolver containing three live rounds and three spent casings. Additionally, inside of the garage agents located .40, .380 and .32 caliber handguns. PSR ¶¶ 19-21. This dangerous combination of Mr. Cruz Reyes being involved in a larger heroin distribution operation with this volume of firearms raises grave concerns of the safety of others. Mr. Cruz Reyes has offered nothing to alleviate the Court's concerns about the danger he will continue to present because of the degree of his criminal involvement in the drug conspiracy. Consequently

he remains a danger to the community. The Court finds these are sufficient justifications to deny his early release.

### E. Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Cruz Reyes's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). *See also United States v. Grimes*, No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing relevant factors).

Mr. Cruz Reyes contends that the Court did not and could not have considered the conditions under which he would be confined at the time the Court imposed its sentence, and that such post-offense developments such as a global pandemic that places him at risk of serious illness or death require a reweighing of the § 3553(a) factors. Dkt. 410.

The government counters that a reweighing of the § 3553(a) factors does not support Mr. Cruz Reyes's release, and that none of the factors have changed since the Court originally sentenced him. In addition to creating a disparity in sentencing, the government contends that reducing Mr. Cruz Reyes's sentence would counter the goals of § 3553(a). Dkt. 430.

The Court agrees with the government.

### III. CONCLUSION

For the foregoing reasons, Defendant Alberto Cruz Reyes's motion for compassionate release is **DENIED**.

DATED this 17th day of May, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge